UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MATTHEW D. COOK,**<br>　　　　Debtor. | Bankr. Case No. 98-21868-RLK<br>Chapter 7<br>JUDGE KRECHEVSKY |
| **MATTHEW D. COOK,**<br>　　　　Plaintiff,<br>v.<br>**INTERNAL REVENUE SERVICE,**<br>　　　　Defendant. | Adversary No. 98-2089 |

### UNITED STATES' MEMORANDUM
### IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY
### AND TO STAY LITIGATION OF THE ADVERSARY PROCEEDING

The United States of America respectfully submits this brief in support of its motion for order to lift the automatic stay and to stay the above-captioned adversary proceeding. As is more fully set forth below, the government requests the Court to issue an order to lift the automatic stay in bankruptcy so that it may commence an action in district court against plaintiff and another individual, who is not a debtor, in order to reduce to judgment certain tax assessments of common origin made against each such person by the Internal Revenue Service (IRS). If the stay is lifted, the liabilities of each person can be tried together in a single court, the district court, which has jurisdiction over the claims of each person. The United States also seeks an order staying the above-captioned adversary proceeding, until the district court action referred to above is concluded.

## FACTS

Debtor filed a voluntary petition under Chapter 7 on April 30, 1998. On June 17, 1998, plaintiff filed his adversary complaint. [1] According to plaintiff's objection to the United States' motion to dismiss, the "sole purpose of Mr. Cook's filing was a determination on the dischargeability of his Internal Revenue Service debt." See Plaintiff's Objection, p.2.

Plaintiff's complaint asserts that the Internal Revenue Service wrongly assessed certain taxes assessed against him. These taxes (commonly referred to a "trust fund liabilities" or "100% penalties") represent assessments made against plaintiff pursuant to 26 U.S.C. § 6672, upon a determination that he was a responsible person who willfully failed to collect, account for and pay over withheld income taxes and FICA taxes of Strictly Business, Inc. and Darthill Manufacturing Co., Inc. By his complaint, plaintiff sought to discharge the government's claim for these taxes. (In fact, plaintiff's complaint is a thinly-veiled complaint to determine his tax liability.) The United States answered plaintiff's complaint on July 28, 1998. Thereafter, on November 12, 1998, the United States filed a motion to dismiss plaintiff's adversary complaint for lack of subject matter jurisdiction (or, in the alternative, to abstain from deciding the case, as it lacks bankruptcy purpose); that motion was denied on February 8, 1999.

---

1/ As is noted in the United States' answer [document 5], plaintiff named as defendant the Internal Revenue Service. However, the Internal Revenue Service is not a suable entity; thus, the Complaint must be construed as an action against the United States. More significantly, plaintiff failed to serve the United States with copies of the summons and complaint, in the manner required by Rule 7004(b)(4) of the Federal Rules of Bankruptcy Procedure. In an action against the United States, a copy of the summons and complaint must be served upon both the United States Attorney for the district in which the action is brought, and upon the Attorney General of the United States. See F.R.B.P. 7004(b)(4). Here, plaintiff failed to serve a summons and complaint upon either the United States Attorney for the district in which the action is brought, or upon the Attorney General of the United States.

-2-

## ARGUMENT

I. **THIS COURT SHOULD ORDER THE AUTOMATIC STAY LIFTED SO THAT THE UNITED STATES MAY COMMENCE A SINGLE DISTRICT COURT ACTION AGAINST PLAINTIFF-DEBTOR AND ANOTHER INDIVIDUAL WHO WAS ASSESSED**

Section 362(a) of the Bankruptcy Code (11 U.S.C.) provides that a bankruptcy petition "operates as a stay, applicable to all entities," of the commencement or continuation of judicial proceedings against the debtor.  However, 11 U.S.C. § 362(d) authorizes bankruptcy court judges, on the request of a party in interest, to grant relief from the automatic stay "for cause".  11 U.S.C. § 362(d)(1).  The term "for cause" is not defined in the Bankruptcy Code or the legislative history to § 362.  Ultimately, the decision of whether to lift the stay is committed to the discretion of the bankruptcy judge.  Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d 1280, 1286 (2nd Cir. 1990), citations omitted.  In Sonnax Industries, Inc., the United States Court of Appeals for the Second Circuit recognized at least 12 factors which should be considered in deciding whether to lift the automatic stay.  Those factors include (Sonnax Industries, Inc. v. Tri Component Products Corp., 907 F.2d at 1286, citing In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984):

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable

subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

In the instant case, the United States believes that based on an analysis of factors 1, 6, 7, 10 and 12, the relevant factors in this case, the Court should order lifting of the automatic stay for cause to allow the United States to commence a single district court action, to determine liability and to reduce assessments to judgment, against plaintiff-debtor and another individual, both of whom were assessed trust-fund liabilities in connection with the unpaid employment tax liabilities of Strictly Business, Inc. and Darthill Manufacturing Co., Inc. The United States' analysis of the above-mentioned factors follows.

**Factor 1:** <u>Whether relief would result in a partial or complete resolution of the issues.</u>

Plaintiff filed his chapter 7 petition for the sole purpose of challenging the liabilities assessed against him pursuant to 26 U.S.C. § 6672. By statute and case law, plaintiff may pay a divisible portion of the tax and then seek relief from the penalty from the IRS; if denied relief there, he may then commence a tax refund suit in district court or the United States Court of Federal Claims. Indeed, district court is the most appropriate forum for this action, because the IRS also made assessments against plaintiff's father, Michael A. Cook, with respect to the same tax liabilities. Michael A. Cook is not a debtor, and thus, this Court cannot acquire jurisdiction over Michael A. Cook. <u>See</u> 28 U.S.C. § 157; <u>In re Wolverine Radio Co.</u>, 930 F.2d 1132, 1141 (6th Cir.

1991), cert. denied, 112 S. Ct. 1605 (1992). However, a single district court action can be brought by the United States to completely resolve the issue concerning plaintiff's and his father's liability. If the automatic stay is lifted, the United States will quickly file a complaint in district court to commence such an action. Hence, an analysis of factor 1 supports the lifting of the automatic stay.

**Factor 6:** Whether the action primarily involves third parties.

The instant case presents a slight variation of this factor. Here, the district court action to be commenced by the United States will involve plaintiff as well as the other individual who was assessed the trust fund liability in connection with the unpaid employment tax liabilities of Strictly Business, Inc. and Darthill Manufacturing Co., Inc. Each assessed party will be equally involved in the proposed action inasmuch as the district court may determine that each individual is independently liable for such assessment. If each person is deemed liable for the assessment, then the IRS is entitled to collected the full penalty from either one of those individuals. Hence, while the action does not "primarily" involve third parties, it does equally involve a third party, and considerations of judicial economy support the lifting of the automatic stay.

**Factor 10:**   The interests of judicial economy and the expeditious and economical resolution of litigation.

The instant case presents the most compelling justification for ordering the automatic stay lifted in order to permit the United States to commence a single district court action naming both assessed individuals. While the United States recognizes that it may commence a district court action against the other assessed individual, without

lifting the stay, the end result would be a significant waste of valuable judicial resources.

Further, as a general rule, the considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously. Washington Metro. Area Transit Auth. v. Rogonese, 617 F.2d 828, 830 (8th Cir. 1980); In re U.S. Brass Corp., 176 B.R. 11 (Bankr. E.D. Tex. 1994) (stay may be lifted on grounds of judicial economy alone); cf. Warshawsky & Co. v. Arcata Nat'l Corp., 552 F.2d 1257, 1263 (7th Cir. 1977).

For these reasons, logic and judicial economy dictate that the automatic stay be lifted to enable the United States to pursue a single district court action against both assessed individuals inasmuch as the factual predicate underlying both trust fund liabilities is the same and this Court has no jurisdiction to join Michael A. Cook in this adversary proceeding.

**Factor 12:** Impact of the stay on parties and the balance of harm.

If the stay is not lifted, the United States alone will suffer harm inasmuch as it will be forced to litigate the same issues in two forums, and may suffer inconsistent results in those forums. Michael A. Cook has alleged that the reason he is not liable for the taxes assessed against him is that plaintiff was solely responsible for their payment. Apprently, plaintiff Matthew D. Cook asserts that the reason he should not be liable is that his father was solely responsible. It is possible that the United States may be "whipsawed" and it might not recover against either of the Cooks, as each points the finger at the other. Conceivably, this Court may find that Michael A. Cook alone was

- 6 -

responsible, while the district court may find that Matthew Cook alone was responsible. In fact, the Cooks could testify in such a way as to assure that result.

In contrast, no harm, and possibly some good, may come to the plaintiff if the requested relief is granted. Plaintiff would be required to participate in only one action, and not have to testify in discovery twice. Also, it is possible that both Cooks will be found liable for the taxes at issue; or, even better for plaintiff-debtor, that only his father will be found liable. [2] Further, to the extent that the United States obtains a judgment against both plaintiff and his father, and collects from father, plaintiff's nondischargable liability would be diminished on a dollar-for-dollar basis by such collections. Therefore, an analysis of this factor should compel the Court to lift the automatic stay to prevent further prejudice to the United States.

---

[2] It is notable that, as a matter of law, where (as in the proposed district court action) all of the potentially responsible persons are joined, the United States must recover a judgment for the full amount of the unpaid trust fund taxes against at least one of the assessed persons, thus avoiding the possibility of whipsaw.

## CONCLUSION

Based on the foregoing, the Court should order the automatic stay lifted so that the United States may commence a single action in district court against debtor and another assessed individual to determine, in a single action, each person's liability for the trust fund taxes assessed against each, and to reduce such assessments to judgment. Furthermore, the Court should stay the litigation of this adverary proceeding until such district court litigation is concluded.

DATED: February 17, 1999

                                              STEPHEN C. ROBINSON
                                              United States Attorney

                                              PHILIP J. BERKOWITZ (CT14822)
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 55
                                              Ben Franklin Station
                                              Washington, D.C. 20044
                                              Telephone: (202) 307-6019

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Memorandum in Support of Motion to Lift Automatic Stay has been made upon the following by depositing a copy in the United States mail, postage prepaid, this /2?\day of February, 1999:

>Arthur Machado, Esq.
>34 Bloomfield Avenue
>Windsor, Connecticut  06103

>John J. O'Neill, Jr., Esq.
>255 Main Street
>Hartford, Connecticut 06106

>Office of the U.S. Trustee
>265 Church Street, #1103
>New Haven, Connecticut  06510

>PHILIP J. BERKOWITZ
>Trial Attorney, Tax Division
>U.S. Department of Justice